IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN C. BROWN,

      Plaintiff,                         No. CIV S-06-2432 JAM DAD P

    vs.

STATE OF CALIFORNIA, et al.,

      Defendants.              <u>ORDER</u>

                                   /

          Plaintiff is a former state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.  This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

          Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

          The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a). Here, although plaintiff is no longer in custody, he was a prisoner at the time he

/////

1

filed this action and the suit was brought by plaintiff in his capacity as a prisoner alleging constitutional violations based upon conditions of his confinement.  Therefore, the screening requirements still apply.

The court must dismiss a complaint or portion thereof if plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his amended complaint, plaintiff alleges that defendants failed to properly treat his gland infection and delayed in referring him to specialist at U.C. Davis for medical treatment. Plaintiff names as defendants Director James Tilton of the California Department of Corrections,

D.K. Sisto who is the Warden of California State Prison-Solano, W.A. Rodriguez, P.W. Health Care, and Dr. Alvaro Traquina.

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Here, plaintiff has not provided any allegations showing how each of the named defendants were involved in his medical care. The court is also unable to determine the role of defendants W.A. Rodriguez and P.W. Health Care in the medical treatment of plaintiff's condition. As to defendants Tilton and Sisto, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files his second amended complaint, the original and first amended complaint no longer serves any function in the case. Therefore, in his

/////

1  second amended complaint, as in an original complaint, each claim and the involvement of each
2  defendant must be sufficiently alleged.
3        Accordingly, IT IS HEREBY ORDERED that:
4        1. Plaintiff's October 22, 2007 application to proceed in forma pauperis is
5  granted.
6        2. Plaintiff's amended complaint, filed on April 19, 2007, is dismissed.
7        3. Plaintiff is granted thirty days from the date of service of this order to file a
8  second amended complaint that complies with the requirements of the Civil Rights Act, the
9  Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint
10 must bear the docket number assigned to this case and must be labeled "Second Amended
11 Complaint"; plaintiff must use the form complaint provided by the court; failure to file a second
12 amended complaint in accordance with this order will result in a recommendation that this action
13 be dismissed without prejudice.
14       4. The Clerk of the Court is directed to provide plaintiff with the court's form
15 complaint for a § 1983 action by a state prisoner.
16 DATED: June 12, 2008.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

20 DAD:4
brow2432.14