1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    SHAWN C. BROWN,

11            Plaintiff,                    No. CIV S-06-2432 JAM DAD P

12        vs.

13    STATE OF CALIFORNIA, et al.,

14            Defendants.              FINDINGS & RECOMMENDATIONS

15    _____/

16            Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil

17    rights action pursuant to 42 U.S.C. § 1983.  Before the court is plaintiff's second amended

18    complaint.

19            On June 12, 2008, the court advised plaintiff that the court is required to screen

20    complaints and to determine if plaintiff has stated cognizable claims for relief.  Plaintiff was also

21    advised that in his amended complaint, he had not provided sufficient allegations showing how

22    each of the named defendants were involved in his medical care claim.  Finally, plaintiff was

23    advised that defendants in supervisorial positions are generally not liable under § 1983, and that

24    the causal link between that defendant and the constitutional violation must be specifically

25    alleged.  At that time the court dismissed plaintiff's amended complaint with leave to amend.

26    /////

1

1    In his second amended complaint now before the court, plaintiff names the

2  following defendants: Warden Sisto, Assistant Warden Rodriguez, and Chief Medical Officer Dr.

3  Traquina.  Plaintiff's entire allegations are as follows:

4         Defendants displayed deliberate indifference to delay plaintiffs
        [sic] serious medical needs.  Also unsafe conditions violated
5         plaintiff Shawn C. Browns [sic] rights which constituted cruel and
        unusual punishment under the Eighth Amendment of the United
6         States Constitution.

7  (Second Am. Compl. at 5.)  Plaintiff seeks declaratory relief and unspecified compensatory and

8  punitive damages.  (Id.)

9    The court finds that plaintiff has failed to state a cognizable medical care claim.

10 He has not provided sufficient allegations for his medical care claim.  An Eighth Amendment

11 medical claim has two elements:  "the seriousness of the prisoner's medical need and the nature

12 of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.

13 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997)

14 (en banc).

15    A medical need is serious "if the failure to treat the prisoner's condition could

16 result in further significant injury or the 'unnecessary and wanton infliction of pain.'"

17 McGuckin, 974 F.2d at 1059 (quoting Estelle v. Gamble, 429 U.S. at 104).  Indications of a

18 serious medical need include "the presence of a medical condition that significantly affects an

19 individual's daily activities."  Id. at 1059-60.  By establishing the existence of a serious medical

20 need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation.

21 Farmer v. Brennan, 511 U.S. 825, 834 (1994).

22    If a prisoner establishes the existence of a serious medical need, he must then

23 show that prison officials responded to the serious medical need with deliberate indifference.

24 Farmer, 511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials

25 deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in

26 which prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94

1    (9th Cir. 1988).  Before it can be said that a prisoner's civil rights have been abridged with regard

2    to medical care, however, "the indifference to his medical needs must be substantial.  Mere

3    'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

4    Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at

5    105-06).  Deliberate indifference is "a state of mind more blameworthy than negligence" and

6    "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  Farmer,

7    511 U.S. at 835 (quoting Whitley, 475 U.S. at 319).

8           Delays in providing medical care may manifest deliberate indifference.  Estelle,

9    429 U.S. at 104-05.  To establish a claim of deliberate indifference arising from delay in

10   providing care, a plaintiff must show that the delay was harmful.  See Berry v. Bunnell, 39 F.3d

11   1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332,

12   1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v.

13   Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  "A prisoner need not

14   show his harm was substantial; however, such would provide additional support for the inmate's

15   claim that the defendant was deliberately indifferent to his needs."  Jett v. Penner, 439 F.3d 1091,

16   1096 (9th Cir. 2006).  See also McGuckin, 974 F.2d at 1060.

17          Finally, mere differences of opinion between a prisoner and prison medical staff

18   as to proper medical care do not give rise to a § 1983 claim.  Jackson v. McIntosh, 90 F.3d 330,

19   332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662

20   F.2d 1337, 1344 (9th Cir. 1981).

21          Here, plaintiff has again merely used conclusory language to describe his medical

22   care claim.  Plaintiff has not provided sufficient allegations to demonstrate that he suffers from a

23   serious medical condition, that defendants were deliberately indifferent about his medical care, or

24   that defendants were directly involved in delaying the provision of medical care to him.  To the

25   extent that plaintiff is challenging some other condition of his confinement, he has also not

26   provided sufficient allegations to support an Eighth Amendment claim.

1    Given the defects of plaintiff's allegations, the court's previous orders providing

2 direction to plaintiff while dismissing with leave to amend and the fact that before the court is

3 plaintiff's second amended complaint, it is clear that granting further leave to amend would be

4 futile.  See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Rutman Wine Co.

5 v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).  The undersigned will therefore

6 recommend that plaintiffs' claims be dismissed with prejudice.

7    Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed

8 due to plaintiff's failure to state a cognizable claim.  See 28 U.S.C. § 1915A.

9    These findings and recommendations are submitted to the United States District

10 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

11 days after being served with these findings and recommendations, plaintiff may file written

12 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

13 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

14 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

15 F.2d 1153 (9th Cir. 1991).

16 DATED: September 22, 2008.

18 _____
DALE A. DROZD
19 UNITED STATES MAGISTRATE JUDGE

20 DAD:4
brow2432.56

4